Jones, Judge:
This claim was received in the office of the Attorney General of West Virginia on July 27, 1967 and was filed in this Court on September 15, 1967. The claimant, Golda Denning Roberts, contends that the respondent State Road Commission should pay her one year’s interest in the amount of $1260.80 upon a judgment and award in a condemnation suit in the Circuit Court of Cabell County, West Virginia, in the amount of $21,013.34 which was paid into court on May 10, 1965 but according to the claimant such payment was intentionally or negligently concealed by the respondent through its counsel and not made known to her or her counsel until approximately one year later. This suit was instituted about five years before it was tried in December 1964 and resulted in a jury verdict of $16,000.00 plus interest for approximately five years. The final judgment order was presented to counsel for the claimant on March 22, 1965, was approved by him and was entered by the Circuit Court on March 24, 1965. Counsel for the respondent paid the amount of the judgment and interest to the Clerk of the Circuit Court on May 10, 1965 and he testified that within a day or two thereafter he informed a member of the law firm representing the claimant that payment had been made and that the same information was repeated on several occasions. One of counsel for the claimant testified that he was considering an appeal as late as August 1965; and that no mention of the payment into Court was ever made to him although he and counsel for the respondent discussed the case many times. *109 Another partner in the firm representing the claimant would not deny that he had received a telephone call from counsel for the respondent notifying him of the payment, but testified that he could remember no such conversation.
Prior to the passage of House Bill No. 699 by the Legislature of West Virginia, Regular Session, 1965, which was passed March 13, 1965 and became effective ninety days from passage, there was no statute requiring a condemnor to give notice to parties of record or their counsel of the payment of an award or judgment into court. Therefore, at the time of the payment in question there was no legal requirement that any notice be given. It appears from the evidence that in Cabell County it was customary for the State Road Commission to give informal notice to the parties of record or their counsel; that counsel for both sides had handled many condemnation cases; and that it was generally understood among counsel participating in condemnation cases that the approximate time for payment into Court after entry of the judgment order was five to six weeks. While counsel for the claimant approved the final order there is nothing to show that he ever checked to see if it had been entered, and he never checked the Circuit Clerk’s office, even by telephone, to see if payment had been made.
We have here an unhappy failure of communication between the lawyers in this case but in our view this is not a determining factor. Reasonable diligence in behalf of the claimant readily would have revealed the fact that the money had been deposited in the Clerk’s office; and upon consideration of all of the evidence we are of the opinion that claimant’s counsel was not intentionally or negligently misled nor was the payment intentionally or negligently concealed from him. It is further our opinion that this is not a case wherein equity and good conscience require compensation to the claimant by the State of West Virginia and accordingly this claim is disallowed.